# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**JOSE CARRASQUILLO,**

    **Plaintiff,**

**CASE NO.:**

**v.**

**MILLENNIUM LAWN &**
**LANDSCAPE, INC.,**

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOSE CARRASQUILLO, by and through undersigned counsel, brings this action against Defendant, MILLENNIUM LAWN & LANDSCAPE, INC., and in support states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $15,000, exclusive of interest, fees, and costs, for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

2. Venue is proper in Hillsborough County, because all of the events giving rise to these claims occurred in this County.

### PARTIES

3. Plaintiff is a resident of Hillsborough County, Florida.

4. Defendant operates a full service grounds maintenance company for commercial and residential properties located in Odessa, in Hillsborough County, Florida.

**GENERAL ALLEGATIONS**

5. Plaintiff has satisfied all conditions precedent, or they have been waived.

6. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7. Plaintiff requests a jury trial for all issues so triable.

8. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

9. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

10. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

11. Defendant continues to be an "employer" within the meaning of the FLSA.

12. At all times material hereto, Defendant was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

13. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

14. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

**FACTS**

15. Plaintiff began working for Defendant in October 2016 driving a company truck and operating landscaping machines. On or about a date in 2017, Defendant gave the Plaintiff

the title of Manager because he was bilingual and could communicate with the Spanish speaking employees.  Plaintiff worked in this position until on or about October 26, 2018.

16. Defendant was paid both a daily rate and hourly rate during his employment but was not paid a salary.

17. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendant, and he was entitled to be compensated for these overtime hours at a rate equal to one and one-half times his regular hourly rate.

18. Defendant failed to pay Plaintiff an overtime premium for all of the overtime hours that he worked, in violation of the FLSA.

19. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FLSA OVERTIME VIOLATION

20. Plaintiff realleges and readopts the allegations of paragraphs 1 through 19 of this Complaint, as though fully set forth herein.

21. During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and he was not compensated for all of these hours in accordance with the FLSA.

22. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

23. As a result of the foregoing, Plaintiff has suffered damages.

*WHEREFORE*, Plaintiff demands:

    a) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

b) Judgment against Defendant, stating that Defendant's violations of the FLSA were willful;

c) An amount equal to Plaintiff's overtime damages as liquidated damages;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) A declaratory judgment that Defendant's practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

f) All costs and attorney's fees incurred in prosecuting these claims; and

g) For such further relief as this Court deems just and equitable.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues so triable.

Dated this 1st day of March, 2019.

                                            Respectfully submitted,

                                            */s/ Luis A. Cabassa*

                                            **LUIS A. CABASSA**
                                            Florida Bar Number: 0053643
                                            **WENZEL FENTON CABASSA, P.A.**
                                            1110 N. Florida Avenue, Suite 300
                                            Tampa, Florida 33602
                                            Main Number: 813-224-0431
                                            Direct Dial: (813) 379-2565
                                            Facsimile: 813-229-8712
                                            Email: lcabassa@wfclaw.com
                                            Email: twells@wfclaw.com
                                            **Attorneys for Plaintiff**